**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND OF OREGON AND SOUTHWEST WASHINGTON, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS, <br><br>                Plaintiffs, <br><br>       v. <br><br> BRAND ENERGY SERVICES, LLC, <br><br>                Defendant. | Civil No. _____ <br><br> **COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**

Plaintiffs allege:

# I

# THE PARTIES

1.      Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Walls and Ceiling Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds"), and the Pacific Northwest Regional Council of Carpenters (Union).

2.      The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Trust Funds, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund have discretionary authority and control over the management of those Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

///     ///

////    ///

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel  |  503.221.1074 fax

3.      The Union is a labor organization with its principal office and place of business in SeaTac, Washington.  The Union is the successor to the Pacific Northwest District Council of Carpenters.

4.      The Promotion Fund is a trust fund created pursuant to a trust agreement.  The Promotion Fund is governed by a board of trustees. The primary purpose of the Promotion Fund is to promote the wall and acoustical ceiling industry in Oregon and Southwest Washington and bringing about wider public recognition and acceptance of the wall and acoustical ceiling industry.

5.      Defendant is a Delaware limited liability company registered to conduct business in Oregon.  At all times material to this proceeding (July 2018 through September 2018), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

6.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund against Defendant for violation of the provisions of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. §1132(e)(1) of ERISA.

7.      At all times material to this proceeding (July 2018 through September 2018), a written collective bargaining agreement has existed between the Union and Defendant.  The collective bargaining agreement covers employees in an industry affecting commerce and the

Page 3 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

activities of Defendant affect commerce.  The Court has jurisdiction over the Claim for Relief brought by each Plaintiff against Defendant for breach of the collective bargaining agreement pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

### III

### JOINDER

8. The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims each Plaintiff has against Defendant.

### IV

### COMMON FACTS

9. At all times material to this proceeding (July 2018 through September 2018), Defendant has been bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds.  Defendant agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union at the hourly rates set forth in the collective bargaining agreement. Defendant agreed to file monthly remittance report forms and to pay its contractually required fringe benefit contributions to the Trustees of the Trust Funds and union dues to the Union by the 20th day of the month following the month in which the work was performed by its employees who performed work covered by the collective bargaining agreement (the "Due Date").

///   ///

///   ///

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

10. The Trust Agreements which created the Health Fund, Pension Fund, Vacation Fund, and Local Training Fund provide that, if an employer fails to pay fringe benefit contributions by the Due Date, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 12% per annum from the Due Date until paid and liquidated damages in an amount equal to 1% of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent up to a maximum of 20%.

11. The Trust Agreement that created the International Training Fund provides that, if an employer fails to pay its fringe benefit contributions by the Due Date, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 1.5% per month, compounded monthly, from the Due Date until paid, and liquidated damages in an amount equal to 20% of the delinquent or late paid fringe benefit contributions, or the amount of interest owed, whichever amount is greater.

12. The Trust Agreement that created the Promotion Fund provides that, if an employer fails to pay its fringe benefit contributions by the Due Date, the employer is liable for the delinquent fringe benefit contributions and liquidated damages in an amount equal to 10% of the delinquent or late paid fringe benefit contributions or $20.00 for each delinquent or late paid monthly contribution, whichever amount is greater. The Trustees of the Promotion Fund are entitled to interest on the delinquent or late paid fringe benefit contributions at the rate of 9% per annum from the Due Date until paid pursuant to ORS 82.010.

/// ///

/// ///

/// ///

Page 5 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

13.     The Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement, and interest on the delinquent or late paid union dues at the rate of 9% per annum from the Due Date until paid pursuant to ORS 82.010.

## V

## CLAIM FOR RELIEF

14.     Defendant has failed to file its monthly remittance report forms and pay its fringe benefit contributions and union dues owed for the work months of July 2018 through September 2018, and the time for so doing has expired. Defendant should be required to file said remittance report forms, together with any remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues, and pay liquidated damages on the delinquent fringe benefit contributions.

15.     The Trust Agreements that created the Trust Funds provide that, if an employer fails to pay its fringe benefit contributions by the Due Date and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover reasonable attorney fees from Defendant.

16.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are also entitled to recover reasonable attorney fees from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1.      Requiring Defendant to file its remittance report forms and pay its fringe benefit contributions and union dues owed for the months of July 2018 through September 2018,

together with all other remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues, and pay liquidated damages on the delinquent fringe benefit contributions;

2. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

3. Requiring Defendant to pay the Trustees of the Trust Funds reasonable attorney fees;

4. Requiring Defendant to pay Plaintiffs' costs and disbursements incurred in this lawsuit; and

5. For such further relief as the Court deems just and equitable.

DATED this 2nd day of November 2018.

                                            **BROWNSTEIN RASK, LLP**

                                            /s/ Cary R. Cadonau
                                            Cary R. Cadonau, OSB #002245
                                            Attorney for Plaintiffs